ANNE D. O'NIELL (SBN 120948)
CHRISTINA A. LEE (SBN 257905)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone: (415) 362-6000
Facsimile: (415) 834-9070
aoniell@hinshawlaw.com
clee@hinshawlaw.com

Attorneys for Defendants
The Ritz-Carlton Hotel Company, LLC, for itself and as erroneously sued as "Ritz-Carlton Hotel Company, LLC" and as "Ritz-Carlton Half Moon Bay," Marriott International, Inc., SHC Half Moon Bay, LLC, DTRS Half Moon Bay, LLC And Strategic Hotels And Resorts, Inc.

THEODORE L. WHITE (*Pro Hac Vice* Pending)
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine St.
New Orleans, LA 70130
Telephone: 504-581-5141
Facsimile: 504-593-0604
twhite@dkslaw.com

Attorneys For Defendants
SHC Half Moon Bay, LLC, DTRS Half Moon Bay, LLC and Strategic Hotels and Resorts, Inc.

TIMOTHY S. THIMESCH (SBN 148213)
THIMESCH LAW OFFICES
158 Hilltop Crescent
Walnut Creek, CA 94576-3452
Telephone: (925) 588-0401
Facsimile: (888) 210-8868
tim@thimeschlaw.com

Attorney for Plaintiff Michael Paulick

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL PAULICK,<br><br>Plaintiff,<br><br>vs.<br><br>RITZ-CARLTON, HALF MOON BAY; RITZ-CARLTON HOTEL COMPANY, LLC; SHC HALF MOON BAY, LLC; DTRS HALF | Case No. C10-4107 CRB<br><u>Civil Rights</u><br><br><u>RELATED CASE – SKAFF V. RITZ-CARLTON HOTEL COMPANY, LLC, N.D. CA Case No. C10-01115 CRB</u><br><br>**STIPULATION REQUESTING MODIFICATION OF GENERAL ORDER 56** |

|  |  |
|---|---|
| 1  MOON BAY, LLC; MARRIOTT INTERNATIONAL, INC.; STRATEGIC<br>2  HOTELS AND REPORTS, INC; DOES 1 THROUGH 50, inclusive,<br>3<br>4              Defendants. | AFFECTING RELATED SKAFF AND PAULICK CASES AND ~~PROPOSED~~ ORDER<br><br>GENERAL ORDER 56<br>Local Rules 6-1 and 6-2, 7-11 |

Pursuant to Local Rules 6-1 and 6-2, plaintiff in the captioned case, plaintiff Michael Paulick, and defendants The Ritz-Carlton Hotel Company, LLC, for itself and as erroneously sued as "Ritz-Carlton Hotel Company, LLC" and as "Ritz-Carlton Half Moon Bay," Marriott International, Inc., SHC Half Moon Bay, LLC, DTRS Half Moon Bay, LLC and Strategic Hotels And Resorts, Inc., and plaintiff in the above-cited Related Case No. C10-01115 CRB ("the Skaff Case"), each by and through its counsel, enter into this stipulation, as their interests appear, to support their respective requests for an Order modifying the time limits stated in General Order 56 as it applies to each Related Case.

The purpose of this stipulated request is to allow the parties to each Related Case to avoid the unnecessary and burdensome duplication of labor and expenses that would be involved in separate meet and confer proceedings and possible mediation proceedings, and to allow the parties in both of the Related Cases the most efficient opportunity to resolve both cases in unified proceedings, with consistent results.

On July 1, 2010, this Court granted the Skaff parties' joint stipulated request for an Order enlarging the time for completion of their General Order 56 joint site inspection and enlarging the time for these parties to hold their General Order 56 meet and confer session. (Docket No. 12, Skaff Case)

On August 27, 2010, this Court granted the Skaff parties' joint stipulated request for an order enlarging the time for them to complete their meet and confer process, extending that time to October 29, 2010 and enlarging the time for plaintiff to file any necessary Notice of Need For Mediation. (Docket No. 21, Skaff Case)

On September 13, 2010, Michael Paulick filed his complaint titled *Paulick v. Ritz-Carlton Hotel Company, LLC, et al.* in this Court, as Civil Action No. C10-4107 ("the Paulick Case").

On October 18, 2010, the Court granted the Unopposed Administrative Motion And Motion

to Relate Cases And Request Reassignment filed by Michael Paulick, plaintiff in Related Case No. C10-4107 CRB. (Docket No. 22, Skaff Case; Docket No. 21, Paulick Case)

Plaintiff Paulick has requested an expedited inspection of the property which is at issue in both the Skaff and Paulick Related Cases, the Ritz-Carlton Hotel in Half Moon Bay, California. Defendants in this Paulick Case agreed to that request, subject to their understanding that the parties in the Skaff and Paulick Cases would stipulate to request the relief described herein.

IT IS SO STIPULATED THAT:

Counsel for the parties to each Related Case, as their interests appear, stipulate to the request for an Order stating the following proposed modifications to General Order 56, to allow fair and even compliance with the principles governing General Order 56 as they apply to both Related Cases:

1.   Plaintiff Paulick and counsel for defendants shall complete their joint inspection of the subject premises on November 1, 2010, to be conducted pursuant to the provisions of Paragraph 3 of General Order 56;

2.   Initial disclosures in the Paulick Case required by Federal Rule Of Civil Procedure 26(a) shall be completed no later than November 15, 2010. The initial disclosures shall be completed pursuant to the rules stated in Paragraph 2 of General Order 56.

3.   The parties to the Skaff and Paulick Cases shall complete the meet and confer requirements stated in Paragraph 4 of General Order 56 by participating in one or more joint meet and confer sessions, as necessary to discuss settlement of both of the Related Cases, to be completed no later than November 30, 2010;

4.   If the parties to the Skaff and Paulick Cases are not able to reach agreement on injunctive relief, or cannot settle the damages and fee claims stated in the respective cases, each plaintiff so affected shall file a "Notice Of Need For Mediation", pursuant to the provisions stated in Paragraph 6 of General Order 56, no later than December 8, 2010. The parties stipulate that they will participate jointly in the mediation proceedings described in Paragraph 6 of General Order 56; and,

5.   If mediation conducted pursuant to Paragraph 6 of General Order 56 is not successful

1 | as to one or both plaintiffs in the Skaff and Paulick Cases, the plaintiffs, or the remaining plaintiff,
2 | shall comply with the provisions stated in Paragraph 7 of General Order 56.
3 |     The parties further stipulate that this Stipulation may be signed in counterparts and that
4 | signatures transmitted by facsimile or by e-mail shall be as valid and binding as original signatures.

5 | Dated: October __, 2010      SIDNEY J. COHEN PROFESSIONAL CORPORATION

By: /s/ Sidney J. Cohen
Sidney J. Cohen
Attorney For Plaintiff, Richard Skaff

Dated: October __, 2010      HINSHAW & CULBERTSON LLP

By:/s/ Anne D. O'Niell
Anne D. O'Niell
Attorneys for Defendants
The Ritz-Carlton Hotel Company, LLC, for itself and as erroneously sued as "Ritz-Carlton Hotel Company, LLC" and as "Ritz-Carlton Half Moon Bay," Marriott International, Inc., SHC Half Moon Bay, LLC, DTRS Half Moon Bay, LLC And Strategic Hotels And Resorts, Inc.

Dated: October __, 2010      DEUTSCH, KERRIGAN & STILES, LLP

By:/s/ Theodore L. White
Theodore L. White (*Pro Hac Vice Pending*)
Attorneys For Defendants SHC Half Moon Bay, LLC, DTRS Half Moon Bay, LLC and Strategic Hotels and Resorts, Inc.

Dated: October __, 2010      THIMESCH LAW OFFICES

By:/s/ Timothy S. Thimesch
Timothy S. Thimesch
Attorney for Plaintiff Michael Paulick

4

STIPULATION REGARDING REQUESTED ORDER MODIFYING GENERAL ORDER 56 TIME LIMITS
Case No. C 10 01115 CRB

## DECLARATION OF ANNE D. O'NIELL

I, Anne D. O'Niell, declare:

1. I am counsel for defendants The Ritz-Carlton Hotel Company, LLC, for itself and as erroneously sued as "Ritz-Carlton Hotel Company, LLC" and as "Ritz-Carlton Half Moon Bay," Marriott International, Inc., SHC Half Moon Bay, LLC, DTRS Half Moon Bay, LLC And Strategic Hotels And Resorts, Inc. in the captioned Paulick Case and I am counsel for defendants Ritz-Carlton Hotel Company, LLC, SHC Half Moon Bay, LLC, DTRS Half Moon Bay, LLC and Marriott International, Inc. in the Related Case titled *Richard Skaff v. Ritz-Carton Hotel Company, LLC, et al.*, also filed in this Court as Case No. C10-01115-CRB ("the Skaff Case"). I am an attorney in good standing and licensed to practice in the courts of the State of California, and in the federal courts of the State of California, including the United States District Court for the Northern District of California. If called upon to testify, I would testify as follows:

2. Pursuant to General Order 56 and this Court's Scheduling Order, the parties to the Skaff Case were required to hold a joint site inspection by June 24, 2010 at the property and premises of the Ritz- Carlton Hotel in Half Moon Bay, California. The parties sought and were granted an Order enlarging the time for them to complete the joint site inspection to July 20, 2010 and enlarging the time for them to complete their meet and confer process to August 20, 2010. The parties were able to complete the joint site inspection by July 20, 2010, but, despite their good faith efforts, they were unable to complete the meet and confer process by the August 20, 2010 deadline specified in the Court's Order of June 30, 2010.

3. The Ritz-Carlton Hotel has 261 guestrooms and numerous other facilities, as well as extensive exterior areas, many of which include items listed on Richard Skaff's expert's list of alleged access barriers. The Skaff Case parties' meeting and conference efforts have addressed all of the several hundred items listed on plaintiff Skaff's expert's site inspection report, but the parties have not yet reached agreement or final positions on these items.

4. The Skaff Case parties requested and were granted an enlargement of time, to October 29, 2010, to complete their meet and confer process, in the hope of reaching mutual agreement regarding the accessibility issues alleged by plaintiff Skaff, which would avoid or limit

5

1  the need for mediation. The parties to the Skaff Case had planned to complete their meet and confer
2  process on October 27, 2010.

3      5.   The parties to the Skaff Case also jointly requested, and plaintiff Skaff was granted,
4  an enlargement of time until November 8, 2010 for plaintiff to file his Notice of Need For
5  Mediation, pursuant to Paragraph 6, General Order 56.

6      6.   The Paulick Case was filed on September 13, 2010. On October 21, 2010, this Court
7  granted plaintiff Paulick's Unopposed Administrative Motion To Relate Cases And Request
8  Reassignment.

9      7.   Plaintiff Paulick has requested an expedited inspection of the premises of the Ritz-
10 Carlton Hotel at Half Moon Bay. Counsel for the defendants in the Paulick Case agreed that counsel
11 for Mr. Paulick and his experts could participate in a joint inspection of the premises on November
12 1, 2010, subject to the defendants' understanding that the parties to the Skaff Case and to the Paulick
13 Case would seek modifications to the timelines stated in General Order 56 as they apply to the two
14 Related Cases.

15     8.   In the Skaff Case, the prior Stipulation to extend the time for Defendants to respond
16 to the Complaint (Docket No. 4, Skaff Case), the parties' Stipulation for an Order For Enlargement
17 Of Time To Complete The General Order 56 Joint Site Inspection And To Hold The General Order
18 56 "Meet And Confer" (Docket No. 11, Skaff Case) and the parties' Stipulation And Proposed Order
19 for Enlargement Of Time To Continue Meet And Confer And To File Notice of Need For Mediation
20 (Docket No. 18, Skaff Case) are the only previous requested modifications in the case by Stipulation
21 or Court Order other than the Court's Order granting plaintiff Paulick's Motion To Relate the Skaff
22 and Paulick cases.

23     9.   In the Paulick Case, the parties' Stipulation to extend the time for defendants to
24 respond to the Complaint (Docket No. 6, Paulick Case) is the only previous requested modification
25 in the case by Stipulation or Court Order other than the Court's Order granting plaintiff Paulick's
26 Motion To Relate the Skaff and Paulick cases.

27     10.  With the exception of extending the meet and confer and mediation notice deadlines,
28 the extension does not effect court ordered deadlines in either Related Case.

11. The parties to the Skaff Case and the parties to the Paulick Case have stipulated to this Request for Modification Of General Order 56 Affecting Related Skaff And Paulick Cases because they wish to avoid the unnecessary and burdensome duplication of labor and expenses that would be involved in separate meet and confer proceedings and in possible mediation proceedings, and to allow the parties the opportunity to resolve both cases in unified proceedings, with consistent results. These are the same reasons that the defendants in both Related Cases agreed not to oppose plaintiff Paulick's Motion To Relate Cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of October 2010 at San Francisco, California.

_____
Anne D. O'Niell

### [PROPOSED] ORDER

Having considered the parties' Stipulation Requesting Modification Of General Order 56 Affecting Related Skaff And Paulick Cases and the supporting Declaration, and for good cause shown, the Court agrees to grant the requested modifications to General Order 56, as they apply to the captioned case as set forth below:

1. Plaintiff Paulick and counsel for defendants shall complete their joint inspection of the subject premises on November 1, 2010, to be conducted pursuant to the provisions of Paragraph 3 of General Order 56;

2. Initial disclosures in the Paulick Case required by Federal Rule Of Civil Procedure 26(a) shall be completed no later than November 15, 2010. The initial disclosures shall be completed pursuant to the rules stated in Paragraph 2 of General Order 56.

3. The parties to the captioned Paulick Case shall complete the meet and confer requirements stated in Paragraph 4 of General Order 56 by participating in a joint meet and confer session with the parties to the Related Case Skaff v. The Ritz-Carlton Hotel Company, LLC, et al., Case No. C10-01115 ("the Skaff Case"), no later than November 30, 2010;

4. If the parties to the captioned Paulick Case are not able to reach agreement on

7

injunctive relief, or cannot settle the damages and fee claims stated in their complaint, the plaintiff shall file a "Notice Of Need For Mediation", pursuant to the provisions stated in Paragraph 6 of General Order 56, no later than December 8, 2010. Plaintiff Paulick will participate jointly with plaintiff in the Skaff Case in any mediation proceedings conducted pursuant to Paragraph 6 of General Order 56;

     5.    If mediation conducted pursuant to Paragraph 6 of General Order 56 is not successful plaintiff Paulick shall comply with the provisions stated in Paragraph 7 of General Order 56.

IT IS SO ORDERED

Dated: \_\_\_November 1\_\_\_, 2010

_____
Charles R. Breyer
United States

*IT IS SO ORDERED*
*Judge Charles R. Breyer*

2998214v1  0888479